# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 5331 | **DATE** | 8/8/2001 |
| **CASE TITLE** | KATHLEEN M. TOKAR vs. CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion and Order. Defendant's bill of costs is granted in part and denied in part. Defendant is awarded a total of $7,409.25 in costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 10 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 178 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 AUG -9 AM 6:57 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHLEEN M. TOKAR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO,<br><br>Defendant. | No. 96 C 5331<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kathleen M. Tokar, sued defendant, City of Chicago, for alleged retaliatory discharge. A jury returned a verdict for defendant, and judgment was entered in favor of defendant. Defendant has filed a bill of costs.

"Costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing

1

party may overcome this presumption by a showing of indigency. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir. 1994). However, actual indigency, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, 2001 WL 62573 (N.D.Ill. Jan. 25, 2001); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D.Ill. Aug. 28, 2000). Costs may also be denied if the prevailing party engaged in misconduct that is worthy of a penalty. *Weeks*, 126 F.3d at 945.

Plaintiff argues that costs should not be awarded because she is indigent. In support of her argument, plaintiff states that she had an annual income of only $14,718.00 during 1998, and she should not be made to sell the home that she owns because she would then be homeless and that she could not subsequently receive a mortgage. Plaintiff did not supply a current affidavit identifying her current income or assets. Accordingly, plaintiff has failed to demonstrate actual indigency and her inability to pay costs now or in the future. *See Craven*, 2001 WL 62573 at * 1; *Falcon*, 2000 WL 1231403 at * 1.

Plaintiff also argues that costs should be denied because defendant engaged in misconduct as demonstrated by defendant's subpoena of medical records pertaining to plaintiff's physical condition, which was not at issue in the cause of action. Defendant alleges plaintiff's medical condition was at issue because of its possible relation to plaintiff's mental health, which was at issue throughout the cause of action. A review of the litigation and trial testimony demonstrates that plaintiff's mental health was at issue throughout the case, and aspects of her mental health were involved throughout the case. There is no evidence that defendant's conduct

2

in defending the case constitutes misconduct worthy of penalty.

Plaintiff also challenges defendant's costs as improper and/or excessive.

Defendant seeks $8,440.88 for "Fees for Photocopying Medical Records and Assorted Documents". Defendant attaches several invoices to explain each charge. The invoices included charges for copying costs, subpoena fees, and other miscellaneous charges.

The invoices do not, nor does the defendant, describe the number of pages copied or the per page cost for the copies. Copying charges that are not discernable from the supporting documentation are not allowed. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D.Ill. 1998); *Falcon*, 2000 WL 1231403 at * 2. Accordingly, such copy charges cannot be assessed against plaintiff.

The invoices also indicate charges for "special services" without any other explanation as to what the charge is made for. These charges are also not recoverable. The invoices also include charges for subpoenas. Reasonable subpoena charges are allowed under § 1920. *Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571, 574 n.1 (N.D.Ill. 1997). Accordingly, the Court will allow the subpoena charges that the invoices clearly set forth. Based on these findings, the Court will allow $985.50 of the requested $8,440.88. The remaining amount consists of charges for copies and services that defendant has failed to demonstrate were necessary and reasonable. These include copy costs without an indication of the number of copies or the charge per copy and combination billing for copies, subpoena fees, x-rays, and special services. The Court is unable to discern what portion of the combined fees is for each

3

service or the reasonableness and necessity of such services.

Defendant also seeks $6,194.25 for "Fees for Depositions and Transcripts". Plaintiff argues that $376.00 in charges for expedited transcripts and $2,095.35 charges for certain depositions were unreasonable or not necessary.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized. 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.00 as the rate per page for an original transcript and $4.00 per page for each expedited copy.

Defendant argues that the expedited transcripts were necessary for preparation to argue an upcoming motion to compel. In addition, the fee charged for the expedited copies was $4.00 or less per page. Other copies are also $3.00 or less per page. Defendant also argues that the doctor transcripts with which plaintiff takes issue with were necessary because such doctors were involved in the litigation. Accordingly, the Court will allow these fees.

Defendant also seeks $787.05 for photocopying costs of papers used in the case at the rate of $0.15 per page. The photocopying costs include 4 copies of 790 pages of pleadings and motions; 2 copies of 41 pages of discovery materials; and 1 copy of defendant's trial notebook (392 pages), defendant's pretrial order (69 pages), and depositions (1,544 pages).

A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D.Ill.

4

2000). A charge of $0.15 per page has been found to be reasonable by the courts. *See, e.g., Kateeb v. Dominick's Finer Foods, Inc.*, 1997 WL 630185 (N.D.Ill. Sept. 30, 1997). Accordingly, the Court awards defendant $213.00 photocopying costs for copies of pleadings and motions (790 pages X 2 copies X $0.15), $6.15 for copies of discovery materials (41 pages X 1 copy X $0.15), and $10.35 for the copy of the pretrial order filed with the court (69 pages X 1 copy X $0.15) -- totaling $229.50.

For the reasons stated above, and absent any facts supporting her present claim of indigency, defendant's Bill of Costs is granted in part and denied in part. Defendant is awarded a total of $7,409.25 in costs ($985.50 + $6,194.25 + $229.50).

Dated: 8-8-01

JOHN W. DARRAH
United States District Judge